UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01643-WYD

CHRISTOPHER J. SCHEIBELER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

I.    INTRODUCTION

THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's claims for benefits under Titles II and XVI of the Social Security Act ["the Act"], 42 U.S.C. §§ 401-33 and 1381-83c. For the reasons stated below, this case is reversed and remanded for further factfinding.

By way of background, in January 2005, Plaintiff filed applications for disability insurance benefits and supplemental security income claiming that he became disabled on August 1, 2003 due to grand mal seizures. (Record ["R."] 227-29, 235-37, 117-18.)[1] Plaintiff's claims were denied at the initial determination stage. (*Id.* 230-34.) After hearings were held in December and March 2007, the ALJ denied benefits in a decision dated March 19, 2007. (*Id.* 19-35).

---

[1] Plaintiff asserts that the application under Title II of the Act does not appear in the record. (R. 68-85.)

More specifically, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 1, 2003, the alleged onset date. (R. 25, ¶ 2.) At steps two and three, the ALJ found that Plaintiff suffered from the following severe impairments: seizure disorder, headaches, arthralgias, myalgias, and dysthymia, but that the impairments did not meet or equal any listed impairments. (*Id.*, 25-26, ¶¶ 3-4.)

After assessing Plaintiff's residual functional capacity ["RFC"], the ALJ found at step four that Plaintiff could not perform any of his past relevant work. (R. 33, ¶ 6.) The ALJ then considered Plaintiff's age, education, and work experience along with his RFC and found, based on the testimony of a vocational expert "[VE"] that Plaintiff could perform other work in the regional and national economy that existed in significant numbers of jobs. (*Id.* 33-34, ¶ 10.) The ALJ thus concluded at step five that Plaintiff did not suffer from a disability. (*Id.* 34, ¶ 11.)

The Appeals Council declined review of the ALJ's decision on January 14, 2008 (*id.* 6-8), and this appeal followed. The ALJ's decision is the final administrative decision, and this case is ripe for judicial review.

II.     ANALYSIS

    A.     Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "It requires more than a scintilla of

evidence but less than a preponderance of the evidence." *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988).

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). I find for the reasons discussed below that this case must be remanded to the Commissioner for further factfinding.

> B. Whether the ALJ's Decision Is Not Supported by Substantial Evidence Because the Vocational Expert's Answer to the Hypothetical Question Conflicts with the Dictionary of Occupational Titles

The issue presented in this case is whether the ALJ's decision lacks the support of substantial evidence and rests upon an error of law. Plaintiff argues that the VE's testimony does not amount to substantial evidence to support the ALJ's decision because it does not comport with the DOT and its companion publications.[2]

In assessing Plaintiff's RFC, the ALJ found as to Plaintiff's mental work capacity that he could "understand, remember, and carry out at least routine and repetitive tasks and instructions." (R. 26-27, ¶ 5). The hypothetical question from the ALJ asked the VE to assume Plaintiffs' age, education, work experience and RFC, with the statement that the hypothetical person "probably should be in a work environment where they're carrying out, understanding, and remembering routine and repetitive tasks and

---

[2] To the extent the Commissioner addressed other issues, such as the fact that the treatment records from Drs. Morrison and Striebach did not support the alleged severity of Plaintiff's seizures and multiple locations of pain and arthralgias, Plaintiff's credibility or the medical evidence relied on by the ALJ, these issues are not before the Court and will not be considered.

-3-

instructions, not those which require complex or detailed information and procedures." (*Id.* 363.)  The VE testified that such an individual could perform work as a document preparer (DOT code 249.587-018), a cutter and paster of press clippings (DOT code 249.587-014), and as a quotation clerk (DOT code 237.367-046.)  (*Id.* 364.)

Plaintiff asserts that the ALJ framed a reasonably complete hypothetical question to the VE.  In so doing, he provided clarification to the expert of the phrase "routine and repetitive tasks and instructions" in the RFC with the clear caveat "not those which require complex or detailed information and procedures."  (*Cf.* R. 26-27, ¶ 5 and R. 363.)  Plaintiff argues, however, that the VE's testimony does not actually comport with the Dictionary of Occupational Titles ("DOT") and its companion publications and violates Social Security Ruling 00-4p; *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999); and *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005).  This is because the three jobs that the VE testified Plaintiff could do require a reasoning level of two or higher (detailed or more complex work which Plaintiff is precluded from).

I agree with Plaintiff that the RFC that Plaintiff can perform simple, repetitive work activity (or work that does not require complex or detailed information and procedures as described in the hypothetical question) does not appear to correlate to the vocational requirements in the DOT of the three jobs at issue.  "Each job listed in the DOT is described by reference to various components."  *Hackett*, 395 F.3d at 1175. The Tenth Circuit has indicated that "the agency accepts the [DOT's] definitions as reliable evidence. . . . "  *Haddock v. Apfel*, 196 F.3d 1084, 1090 (10th Cir. 1999).

For each job described, the DOT specifies the type of reasoning capabilities the job requires.  *See Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997) (citing 2 U.S. Dep't

-4-

of Labor, *Dictionary of Occupational Titles*, 1010-11 (4th ed. 1991)).  There are six (6) rated levels of reasoning with specific, detailed functional requirements for each. *Dictionary of Occupational Titles, supra.*  Levels R1 though R6 require the mental RFC for progressively more complex thinking in order to perform the job.  R1 reasoning is defined as "simple, one or two-step instructions."  *Id.*  R1 is the only reasoning level that uses the term "simple."  *Id.*  R2 reasoning "requires the ability to understand and carry out detailed instructions."  *Id.*  R3 reasoning requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [, and d]eal with problems involving several concrete variables in or from standardized situations."  *Id.*

   A person such as Plaintiff whose mental RFC is limited to "simple" work and work that is not "detailed" would thus arguably lack the mental RFC for jobs at or above R2. *See Hackett*, 395 F.3d at 1176 (a limitation to "simple and routine work tasks. . . seems inconsistent with the demands of level-three reasoning"); *Clay v. Barnhart*, 417 F.3d 922, 931 (8th Cir. 2005) (VE's testimony that the claimant in the hypothetical question who was limited to simple concrete instructions was arguably inconsistent with the DOT's definition of the job of cashier that required level three reasoning); *Lucy*, 113 F.3d at 909 (rejecting contention that a person who was limited to performing simple instructions could engage in the full range of sedentary work because many unskilled jobs in that category require reasoning levels of two or higher).

   When the findings of the VE are in conflict with the DOT, as here, "the ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert's testimony as substantial

evidence to support a determination of nondisability." *Haddock*, 196 F.3d at 1091.  The ALJ in this case failed to obtain a reasonable explanation, or any explanation, for the conflict.  Since the ALJ failed to elicit such an explanation, the case must be reversed and remanded to allow the ALJ to address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the reasoning level required by the jobs defined as appropriate for Plaintiff by the VE.  *Hackett*, 395 F.3d at 1176.

I reject the Commissioner's arguments that any error was, at most, harmless error.  The fact that the record may have supported a different RFC assessment than found by the ALJ regarding Plaintiff's mental capacity is simply irrelevant.  The RFC actually assessed by the ALJ was controlling, and this RFC was inconsistent with the jobs the VE testified Plaintiff could perform.  Further, the Commissioner's "post hoc rationale is improper because it usurps the agency's function of weighing and balancing the evidence in the first instance." *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008).  "Judicial review is limited to the reasons stated in the ALJ's decision." *Id*.  Finally, the Commissioner has not shown how the harmless error analysis is applicable.  Accordingly, I find that this case must be remanded so that adequate fact finding can be conducted.

III.     CONCLUSION

Based upon the errors described above, I find that this case must be reversed and remanded to the Commissioner for further fact finding and analysis consistent with this Order.

Accordingly, it is

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner for further factfinding and a rehearing pursuant to sentence four in 42 U.S.C. § 405(g).

Dated September 21, 2009

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      Chief United States District Judge